[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15513
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00065-MHT-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KEVIN JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(October 3, 2014)

Before TJOFLAT, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Kevin Jackson appeals his 102-month total sentence, imposed at the top of

the guidelines range after he pled guilty to 1 count of possession of unauthorized

access devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2; and 1 count of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A(a)(1) & (c)(4), and 2. On appeal, Jackson first argues that the district court clearly erred in finding him responsible for the entire intended-loss amount of $1,718,089 that the court calculated under U.S.S.G. § 2B1.1(b)(1)(I).  He then argues that the district court clearly erred in finding that a video showing his assault of his girlfriend was related to his convictions for fraud offenses, rendering the court's consideration of that evidence improper.

Upon review of the record and after consideration of the parties' briefs, we affirm.

## I.

The district court's determination of loss amount is reviewed for clear error. *United States v. Barrington*, 648 F.3d 1178, 1197 (11th Cir. 2011).  Clear error will be present when we are "left with a definite and firm conviction that a mistake has been committed."  *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005) (citation omitted).  The district court's interpretation of the Sentencing Guidelines is reviewed *de novo*.  *Barrington*, 648 F.3d at 1197.

"The Guidelines do not require a precise determination of loss," and a court "need only make a reasonable estimate of the loss, given the available information."  *Id.* (citation omitted).  Nevertheless, a sentencing court "may not

2

speculate about the existence of a fact that would result in a higher sentence, and the government must support its loss calculation with 'reliable and specific evidence.'"  *Id.* (citation omitted).

Section 2B1.1 of the Guidelines provides for a 16-level increase for a fraud offense involving a loss amount that is more than $1,000,000, but less than $2,500,000.  U.S.S.G. § 2B1.1(b)(1)(I).  Application notes clarify that "loss is the greater of actual loss or intended loss."  U.S.S.G. § 2B1.1, comment. (n.3(A)). "Intended loss" is "the pecuniary harm that was intended to result from the offense."  *Id.*, comment. (n.3(A)(ii)).  The Guidelines acknowledge that a sentencing court "is in a unique position to assess the evidence and estimate the loss," and, therefore, "the court's loss determination is entitled to appropriate deference."  *Id.*, comment. (n.3(C)).  Conduct relevant to sentencing includes all acts that a defendant "committed, aided, [or] abetted."  U.S.S.G. § 1B1.3(a)(1)(A).

The district court did not clearly err in holding Jackson responsible for the entire intended-loss amount because Internal Revenue Service ("IRS") Special Agent Christopher Forte's testimony at sentencing provided "reliable and specific evidence" both about how the loss amount was calculated and about Jackson's responsibility for that amount.  Moreover, even accepting Jackson's contention that he personally did not file all of the false tax returns attributed to him, his storage of the information necessary to file those returns was a sufficient basis for holding

3

him responsible for the loss amount stemming from them under the principles of relevant conduct.

## II.

A district court's factual findings are reviewed for clear error and its application of the Guidelines to those facts is reviewed *de novo*. *United States v. McGuinness*, 451 F.3d 1302, 1304 (11th Cir. 2006). Notwithstanding an error, we are not required to vacate the sentence and remand a case if the district court likely would have sentenced the defendant the same way without the error. *United States v. Scott*, 441 F.3d 1322, 1329 (11th Cir. 2006).

When determining what sentence to impose within the guidelines range, a district court "may consider, without limitation, any information concerning the background, character and conduct of the defendant, unless otherwise prohibited by law." U.S.S.G. § 1B1.4.

The district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the

kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The district court did not clearly err in finding that Jackson's assault of his girlfriend was related to his fraud scheme because testimony at sentencing indicated that the disappearance of materials needed to continue the fraud was the motivation for the attack.  Moreover, even if the district court did clearly err in finding that the assault was related to the fraud, any error was harmless because the district court likely would have sentenced Jackson the same way in considering evidence of the assault under § 1B1.4 and § 3553(a)(1).

**AFFIRMED.**